Filed 5/24/16  P. v. Marez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MANUEL VALDEZ MAREZ,<br><br>Defendant and Appellant. | C078086<br><br>(Super. Ct. No. 13F05667) |

Defendant Manuel Valdez Marez challenges the admission during jury trial of two out-of-court statements he made to his codefendant brother, Daniel Marez (Daniel), after the two were arrested for robbery.[1]  Finding no error, we affirm.

---

[1] The jury failed to reach verdicts on the charges against Daniel.  He entered into a plea agreement and is not a party to this appeal.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Just after midnight on September 1, 2013, Nathaniel Wilson was walking home from the light rail station after working a late shift. Defendant, Daniel, and another man (who was never identified) approached Wilson and demanded his money and wallet. Defendant showed Wilson a gun. Wilson was hit in the back of the head and then tried to flee, but stopped running after about 15 seconds. The men resumed hitting Wilson with their fists and the gun, and Wilson fell to the ground. Wilson gave them his wallet, phone, and bag, but the men continued to hit him. Wilson suffered a broken thumb and injuries to his ear, elbow, hands, and head.

Wilson called 911 from a convenience store. The police arrived, called for medical assistance for Wilson, and went to the robbery scene. A responding officer saw defendant, Daniel, and three other individuals. The officer searched defendant and found Wilson's cellular phone and wallet in his pocket. The officer also found a loaded silver handgun approximately 10 feet away from the group. Police found another cartridge for the gun in defendant's pocket during a subsequent search at the station. Wilson later identified the gun used during the robbery.

The police detained defendant and Daniel and brought them for a field showup at the hospital. Wilson identified both men as the robbers, and the police returned both men to the police car. At 2:55 a.m., approximately 10 minutes after the showup, the police car's video system recorded defendant saying to Daniel, " 'that Nigga deserved it though, for all the shit he be talking. I hope you almost knocked that guy out, fool.' "

After the showup, the police took defendant and Daniel to jail. At 3:55 a.m., while defendant and Daniel were waiting to be seen by the nurses in the jail booking area, a police officer overheard defendant say to Daniel, " 'I should have smoked his ass.' "

Defendant and Daniel were both charged with crimes related to the robbery, and a joint trial was set. Daniel challenged the admissibility of defendant's out-of-court statements and asked to sever their trials, but defendant did not formally join in these

2

motions.  The trial court declined to sever the trials and concluded the statements were contrary to defendant's penal interest and otherwise admissible.  (Evid. Code, § 1230.)**2**

The jury found defendant guilty of second degree robbery, felon in possession of a firearm, felon in possession of ammunition, and assault with a firearm.  (Pen. Code, §§ 211, 29800, subd. (a)(1), 30305, subd. (a)(1), 245, subd. (a)(2).)  The jury also found true an enhancement for personal use of a firearm.  (*Id*., § 12022.53, subd. (b).)  The trial court sentenced defendant to 13 years in prison.

## DISCUSSION

Defendant contends the trial court erred in admitting his out-of-court statements as declarations against penal interest, an exception to the hearsay rule.  (§§ 1200, 1230.)  He argues the statements were general and were neither inculpatory nor reliable.  His entire argument rests on his assumption that the challenged statements were hearsay, thus were inadmissible absent an applicable exception.  He concedes that he did not specifically object in the trial court on this basis, but argues his failure to object should be excused for a variety of reasons, including futility.

The People first contend defendant forfeited the issue by failing to formally and specifically object in the trial court.  (See § 353.)  The People then correctly observe that the statements were *not hearsay*, as they were not offered to prove facts within the statements.  They add that--even if deemed hearsay--the statements were admissible not only as declarations by defendant against his penal interest but also as party admissions. (§§ 1200, 1220.)  Defendant failed to file any reply brief to address these observations, despite being granted extra time to do so.

We agree that the challenged statements were not hearsay, as they were offered to show defendant's knowledge of and participation in the robbery, not to prove the truth of

---

**2**  Further undesignated statutory references are to the Evidence Code.

the matter *stated*.  In other words, the statements were offered for the probative effect of the fact that defendant *said these things*, not to prove that what he said was true.  Even if the statements could somehow be construed as admitted for their truth--that is, to prove that the victim did, indeed, "deserv[e] it" and that defendant, indeed "should have smoked [the victim's] ass"--these statements were clearly admissible against defendant, even for their truth, as party admissions.  (§ 1220.)

We need continue no further with our analysis of defendant's claim on appeal, as the jury's consideration of the challenged statements was proper.[3]

**DISPOSITION**

The judgment is affirmed.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Robie, Acting P. J.

_____/s/_____
Mauro, J.

_____

[3]  Thus we decline to resolve the parties' disagreements as to whether defendant forfeited his claim and whether the trial court correctly deemed defendant's two statements declarations against his own interest.

4